UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 19-cr-20112-7
Hon. Matthew F. Leitman

v.

D7, CHRISTOPHER WILSON

    Defendant.
_____/

# ORDER DENYING RENEWED MOTION FOR BOND (ECF No. 147)

Defendant Christopher Wilson is charged with several serious felony offenses related to his alleged involvement in a drug distribution conspiracy. (*See* 4th Superseding Indictment, ECF No. 149.) Magistrate Judge Davis ordered that Wilson be detained pending trial, (Detention Order, ECF No. 42), and on June 20, 2019, this Court denied a motion by Wilson to revoke the Detention Order entered by Magistrate Judge Davis. (*See* Order Denying Mot. for Bond and Revocation of Detention Order, ECF No. 101.)

This Court offered the following explanation for its refusal to vacate the Detention Order:

> This is a de novo review of Judge Davis' detention order and the question I have to answer is, is there a condition or combination of conditions that will reasonably assure Mr. Wilson's appearance and the safety of any person and the community. And the factors that I have to

1

consider are set forth in Title 18, United States Code, Section 3142(g), and let me touch on each of those factors here.

The first factor I have to consider [is] the nature and circumstances of the offense charged, including whether the offense involved a firearm. And even though this is not the most serious drug offense that I've seen charged here, I do share Mr. Rawsthorne's view that a drug conspiracy with a mandatory minimum of five years is a serious offense and the conduct alleged here is quite serious. And while the charge itself doesn't involve a firearm, the underlying conduct does seem to have involved a firearm. There's evidence presented by Mr. Rawsthorne, both photos of Mr. Wilson with firearms, but more importantly, evidence of witness statements and these text messages and recorded calls, that suggest that firearms were involved in this course of conduct.

The next factor is the weight of the evidence [of dangerousness] against the person. And as the Sixth Circuit tells us, this is not the weight of the evidence of guilt but the weight of the evidence of dangerousness. And here, I think the weight of evidence of dangerousness in contrast to the record that was presented to Judge Davis, does – the evidence is substantial that Mr. Wilson poses a danger. I was quite concerned when I read the numerous witness statements that seemed to reflect a theme of Mr. Wilson's willingness to use or direct violence in order to achieve goals that he had set for himself, including avoiding folks cooperating with the police or doing things that he did not want done. Mr. Rawsthorne sets forth eight witness statements and many of them indicate again, Mr. Wilson using or directing violence. And I thought that was, in my view, substantial evidence of dangerousness.

I also have to consider Mr. Wilson's history and characteristics, his physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history[,] and record concerning court proceedings. And here, there is some evidence that weighs in favor of Mr. Wilson. He does seem to have long-term ties to Flint. He has a lot of family and community support here. He had letters from upstanding members of the community vouching for him. And his criminal record, in the big scheme of things,

is, standing alone, not a huge concern. So that third factor to me is kind of a push. It doesn't weigh so much in favor of one or the other.

Mr. Rawsthorne did raise concerns about some of Mr. Wilson's past conduct but ultimately, that [factor] to me, number three, doesn't weigh particularly heavy in one direction or the other.

One additional element I guess of this third factor is whether, at the time of the current offense, Mr. Wilson was on other release pending trial. And Mr. Rawsthorne points out that for some substantial period of the alleged criminal conduct here, Mr. Wilson was on release in connection with state court criminal proceedings. And Mr. Rawsthorne has presented evidence that while on release, Mr. Wilson was traveling to and from other states, including Tennessee, and engaging in drug dealing. And that aspect of factor number three would weigh, certainly, in favor of detention.

The fourth factor is the nature and seriousness of the danger to any person or persons in the community that would be posed by Mr. Wilson's release. And the evidence that Mr. Rawsthorne has presented persuades me that the type of danger I'm concerned about here is a serious danger to the health and safety of folks. I am persuaded that there's reason to believe that the danger posed could conceivably threaten somebody's life given the materials that Mr. Rawsthorne has presented.

So to be clear, I think that Miss Maceroni did present evidence sufficient to rebut the presumption on both points. She presented the letters from folks who attested to his character and non-dangerousness and his community ties[,] which are some evidence that he's not a risk of flight.

But ultimately, I find that the government has carried its ultimate burden of persuasion and proof on both points. I think the Government has shown by clear and convincing evidence that there is not a condition or set of conditions that would reasonably assure the safety of persons in the community. And by a preponderance of evidence, that there is no set of conditions that would assure his appearance.

3

>       With respect to that point, I'm particularly concerned about the conversation with Mr. McCullough about, for lack of a better term, manipulation of the prior tether conditions and non-compliance with prior bond conditions by at a minimum, committing criminal offenses. So I'm not comfortable that any condition of – any set of conditions would reasonably assure his appearance or the safety of the community.
>
>       So while I think that Miss Maceroni presented as strong a case as can be presented here, and while I appreciate and very much respect the position that she asserted here, I will deny the motion and leave intact the order of detention.

(6/20/19 Tr., ECF No. 142, PageID.627–30.)

On August 31, 2019, Wilson took a polygraph examination that was administered by retired FBI Special Agent James Hoppe. (*See* Mot. for Bond, ECF No. 147, PageID.645; Polygraph Report, ECF No. 147-1.)  Wilson's polygraph examination consisted of two relevant questions and answers:

1. Have you ever forced anyone to provide sexual services for money?  Answer: No

2. Did you ever offer money to harm a government witness?  Answer: No

(Polygraph Report, ECF No. 147-1, PageID.652.)  According to Special Agent Hoppe, Wilsons's answers to the two relevant questions were "truthful and not indicative of deception." (*Id.*)

On September 5, 2019, Wilson filed another motion to revoke the Detention Order. (*See* Mot. for Bond, ECF No. 147.)  Wilson argues in large part that the Court

4

should grant him bond because he passed the polygraph examination. (*Id.*, PageID.645, 649.) The Court disagrees.[1]

The questions posed to Wilson during the polygraph examination were narrower than, and thus did not address, many of the concerns that led the Court to deny bond earlier. As the quotation of the Court's ruling above indicates, the Court's concerns were not limited to whether – as Wilson was asked during the polygraph – Wilson "forced anyone to provide sexual services for money" or had "offer[ed] money to harm a government witness." The Court is simply not convinced that the results of Wilson's polygraph examination or the other arguments advanced in his renewed motion for bond warrant the vacating of the Detention Order. Accordingly, **IT IS HEREBY ORDERED** that Wilson's Motion for Bond is **DENIED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 29, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 29, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

---

[1] The Court concludes that it may properly resolve this motion based upon its review of the motion papers and without holding a hearing. *See* Local Rule 7.1(f)(2).