UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 19-cr-20112-7
Hon. Matthew F. Leitman

v.

D7, CHRISTOPHER WILSON

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTIONS TO REVOKE DETENTION ORDER (ECF Nos. 240 and 248)

Defendant Christopher Wilson is charged with several serious felony offenses related to his alleged involvement in a drug distribution conspiracy. (*See* 4th Superseding Indictment, ECF No. 149.) Magistrate Judge Davis ordered that Wilson be detained pending trial. (*See* Detention Order, ECF No. 42.) Wilson has twice before moved this Court to revoke the Detention Order (*see* ECF Nos. 63 and 147), and the Court has denied both motions. (*See* ECF Nos. 101 and 180.) Wilson has now filed a third and fourth motion to revoke the Detention Order. For the reasons explained below, the motions are **DENIED**.

**I**

This Court offered the following explanation for denying Wilson's first motion to revoke the Detention Order:

1

This is a de novo review of Judge Davis' detention order and the question I have to answer is, is there a condition or combination of conditions that will reasonably assure Mr. Wilson's appearance and the safety of any person and the community. And the factors that I have to consider are set forth in Title 18, United States Code, Section 3142(g), and let me touch on each of those factors here.

The first factor I have to consider [is] the nature and circumstances of the offense charged, including whether the offense involved a firearm. And even though this is not the most serious drug offense that I've seen charged here, I do share Mr. Rawsthorne's view that a drug conspiracy with a mandatory minimum of five years is a serious offense and the conduct alleged here is quite serious. And while the charge itself doesn't involve a firearm, the underlying conduct does seem to have involved a firearm. There's evidence presented by Mr. Rawsthorne, both photos of Mr. Wilson with firearms, but more importantly, evidence of witness statements and these text messages and recorded calls, that suggest that firearms were involved in this course of conduct.

The next factor is the weight of the evidence [of dangerousness] against the person. And as the Sixth Circuit tells us, this is not the weight of the evidence of guilt but the weight of the evidence of dangerousness. And here, I think the weight of evidence of dangerousness in contrast to the record that was presented to Judge Davis, does – the evidence is substantial that Mr. Wilson poses a danger. I was quite concerned when I read the numerous witness statements that seemed to reflect a theme of Mr. Wilson's willingness to use or direct violence in order to achieve goals that he had set for himself, including avoiding folks cooperating with the police or doing things that he did not want done. Mr. Rawsthorne sets forth eight witness statements and many of them indicate again, Mr. Wilson using or directing violence. And I thought that was, in my view, substantial evidence of dangerousness.

I also have to consider Mr. Wilson's history and characteristics, his physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history[,] and record concerning court proceedings. And here, there is some

2

evidence that weighs in favor of Mr. Wilson. He does seem to have long-term ties to Flint. He has a lot of family and community support here. He had letters from upstanding members of the community vouching for him. And his criminal record, in the big scheme of things, is, standing alone, not a huge concern. So that third factor to me is kind of a push. It doesn't weigh so much in favor of one or the other.

Mr. Rawsthorne did raise concerns about some of Mr. Wilson's past conduct but ultimately, that [factor] to me, number three, doesn't weigh particularly heavy in one direction or the other.

One additional element I guess of this third factor is whether, at the time of the current offense, Mr. Wilson was on other release pending trial. And Mr. Rawsthorne points out that for some substantial period of the alleged criminal conduct here, Mr. Wilson was on release in connection with state court criminal proceedings. And Mr. Rawsthorne has presented evidence that while on release, Mr. Wilson was traveling to and from other states, including Tennessee, and engaging in drug dealing. And that aspect of factor number three would weigh, certainly, in favor of detention.

The fourth factor is the nature and seriousness of the danger to any person or persons in the community that would be posed by Mr. Wilson's release. And the evidence that Mr. Rawsthorne has presented persuades me that the type of danger I'm concerned about here is a serious danger to the health and safety of folks. I am persuaded that there's reason to believe that the danger posed could conceivably threaten somebody's life given the materials that Mr. Rawsthorne has presented.

So to be clear, I think that Miss Maceroni did present evidence sufficient to rebut the presumption on both points. She presented the letters from folks who attested to his character and non-dangerousness and his community ties[,] which are some evidence that he's not a risk of flight.

But ultimately, I find that the government has carried its ultimate burden of persuasion and proof on both points. I think the Government has shown by clear and convincing evidence that there is not a condition or set of conditions that would reasonably assure the safety of persons

in the community. And by a preponderance of evidence, that there is no set of conditions that would assure his appearance.

With respect to that point, I'm particularly concerned about the conversation with Mr. McCullough about, for lack of a better term, manipulation of the prior tether conditions and non-compliance with prior bond conditions by at a minimum, committing criminal offenses. So I'm not comfortable that any condition of – any set of conditions would reasonably assure his appearance or the safety of the community.

So while I think that Miss Maceroni presented as strong a case as can be presented here, and while I appreciate and very much respect the position that she asserted here, I will deny the motion and leave intact the order of detention.

(6/20/19 Tr., ECF No. 142, PageID.627–30.)

## II

Wilson has filed two new motions to revoke the Detention Order due to a change in circumstances. The Court concludes that Wilson is not entitled to release based upon the arguments in either motion.

## A

First, on February 21, 2020, Wilson filed a motion arguing that the following change in circumstances warranted his release:

- Wilson has completed his GED and participated in other activities while in custody.
- Wilson can live in Davison, Michigan, where he will have employment and live away from Flint, Michigan.
- Wilson can be monitored by GPS tether.
- Several of Wilson's co-defendants have been released on bond.

4

(*See* Emergency Mot. to Revoke Detention Order, ECF No. 240, PageID.1065–10.)

The Court respects the efforts that Wilson has made to better himself while in custody, and the Court appreciates Wilson's effort to line up an employment opportunity away from Flint. But the Court remains convinced that, as explained in the denial of the first bond motion, Wilson remains a danger to potential witnesses and to other members of the public.

**B**

Second, on March 22, 2020, Wilson filed a motion arguing that the prevalence of the COVID-19 virus is a change in circumstances justifying his release. (*See* 2d Supp. to Emergency Mot., ECF No. 248.)

Wilson has not persuaded the Court that he is entitled to pre-trial release based upon the COVID-19 pandemic. The Court recognizes that COVID-19 poses a serious threat to all members of our community, including Wilson. And the Court is sensitive to the special risks that COVID-19 poses to incarcerated persons. In an appropriate case, the circumstances of the COVID-19 pandemic, and the pandemic's impact on a particular prisoner in a particular facility, could perhaps tip the balance in favor of pretrial release. However, in this case, based upon the balance of factors described above, the Court is not persuaded that the COVID-19 pandemic justifies releasing Wilson prior to trial.

## III

Accordingly, **IT IS HEREBY ORDERED** that Wilson's Motions to Revoke the Detention Order (ECF Nos. 240 and 248) are **DENIED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 26, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 26, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764